# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 22, 2007
NOT TO BE PUBLISHED

# Supreme Court of Kentucky



2005-SC-000880-MR

OWEN RAY GADD          APPELLANT

APPEAL FROM GARRARD CIRCUIT COURT
HON. C. HUNTER DAUGHERTY, JUDGE
V.         INDICTMENT NO. 04-CR-00041

COMMONWEALTH OF KENTUCKY          APPELLEE

## MEMORANDUM OPINION OF THE COURT

### Affirming

A jury of the Garrard Circuit Court convicted Appellant, Owen Ray Gadd, of two counts of first degree sodomy of a child under the age of twelve. For these crimes, Appellant was sentenced to life imprisonment. Appellant now appeals to this Court as a matter of right. Ky. Const. § 110(2)(b). For the reasons set forth herein, we affirm Appellant's convictions.

The evidence introduced at trial indicated that on an unknown date in 2001, Appellant asked the seven-year-old victim to accompany him to his apartment to retrieve a surprise for the victim's mother, whom he was dating. Appellant threatened to kill the victim's family members while traveling to the apartment. Once at the apartment, Appellant terrorized, threatened, and sodomized the child. Two to three days later, Appellant repeated these ghastly

acts upon the victim. Soon thereafter, Appellant and the victim's mother parted ways; and the victim had no further contact with Appellant.

In February 2004, the victim was examined by a doctor because he was having difficulty sitting. Upon examination, the doctor detected venereal warts. When the doctor asked the victim if he had ever been touched inappropriately, the child started crying. An investigation promptly ensued. During the investigation, a scar was found on Appellant's genitals which indicated that he had venereal warts in the past, and Appellant admitted to having had and been treated for the condition.

On June 18, 2004, Appellant was indicted for the above referenced crimes. He was subsequently convicted by jury and this appeal followed. For the reasons set forth herein, we now affirm his convictions.

Appellant presents three assignments of error. He first alleges he was unduly prejudiced when inadmissible opinion testimony was introduced at trial. Specifically, he argues that testimony offered by Detective Crockett "invaded the province of the jury and clearly indicated his belief in the guilt of [Appellant]." See Nugent v. Commonwealth, 639 S.W.2d 761, 764 (Ky. 1982) (opinions as to whether the accused is guilty or innocent are inadmissible). We disagree; the holding in Nugent, supra, is not applicable to the facts of this case.

The relevant testimony reads as follows:

Q:     So, what was the point of the search warrant then?

A:     The point of the search warrant, again -- number one it was a tool that I wanted to use in my interview with the alleged perpetrator, Mr. Gadd, and number two, I specifically instructed him that I would go that route. I was basically keeping my word with him. And, number three, the physical examination, it was no different, in my eyes, than utilizing a polygraph or something to that affect [sic].

2

Later, the testimony continues as follows:

Q:     Detective, when you -- before we approached the bench, you were talking about the -- why you went through the exercise [of getting a physical examination] at that certain point. And, I think you said that part of the reason was to determine whether or not he had warts, by physical examination, is that right?

A:     That's correct.

Q.     So, once he makes that admission [of having had venereal warts] to you, how was that significant, as far as that day's events?

A.     Basically it was very significant, in that it corroborated with what [the victim] had alleged, and the fact that I felt he was initially untruthful with me.

Appellant contends that these statements amount to a declaration that "any sign of genital warts on Mr. Gadd was the equivalent of polygraph evidence" and that "Mr. Gadd was lying and [therefore] guilty . . . ."

Appellant misconstrues Detective Crockett's testimony regarding the use of polygraph tests. As the trial judge ruled, the word "polygraph" was mentioned in relation to the types of tools detectives use when interviewing suspects. Thus, we do not find that Detective Crockett's statement which mentioned the word "polygraph" was prejudicial.

Detective Crockett's statements also do not declare that Appellant is guilty; and thus, Appellant's citation to the holding in Nugent, supra, is without effect. Rather, his statements amount to opinions or inferences regarding the results of his investigation. The admissibility of this kind of testimony is subject to KRE 701 which directs:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions and inferences is limited to those opinions or inferences which are:

3

(a) Rationally based on the perception of the witness; and

(b) Helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

In this case, Detective Crockett's observations and inferences were made in response to questioning, and were rationally based on his perceptions from the aforementioned investigation. When Detective Crockett first interviewed Appellant, he did not admit having venereal warts. Once Appellant was confronted with a physical examination, he admitted to Detective Crockett that he had venereal warts in the past and that he was better off incarcerated, away from the general public. Accordingly, we find Appellant's inferences to be in compliance with subpart (a) of KRE 701.

We also believe that subpart (b) is satisfied because the testimony was helpful to a clear understanding of Detective Crockett's testimony regarding the results of his investigation. See Mills v. Commonwealth, 996 S.W.2d 473, 488 (Ky. 1999) (opinions and inferences by police detective which evaluated images displayed on a videotape of the crime scene was admissible pursuant to KRE 701). At no point does Detective Crockett declare Appellant guilty or imply that the victim's story should be believed. Rather, he simply makes inferences based on what his investigation revealed – that certain statements from Appellant corroborated the victim's story and indicated that Appellant was initially untruthful with the detective. Accordingly, we find the testimony does not invade the province of the jury and was admissible pursuant to KRE 701.

Appellant next alleges reversible error in the improper introduction of hearsay testimony. Appellant acknowledges that any error is unpreserved; but claims he is entitled to reversal under the palpable error standard set forth in

4

RCr[1] 10.26. Upon review, we find no error, and, in any event, even if error was committed, the testimony could not have caused any manifest injustice to Appellant. Id.

The doctor who initially diagnosed the minor victim with venereal warts testified that the victim identified Appellant as the person who assaulted him. We believe this information was reasonably pertinent to the victim's medical treatment for the reasons set forth in Edwards v. Commonwealth, 833 S.W.2d 842 (Ky. 1992). See KRE 803(4). In Edwards, supra, this Court noted that the treating physician "had to know who the abuser was in order to prevent future harm to the child and to prevent the spread of a sexually transmitted disease . . . ." Id. at 844. Likewise, it was important in this case for the physician to ascertain the identity of the abuser so as to (1) evaluate whether the child was in imminent danger of continued abuse; and (2) to check the spread of a sexually transmitted disease.

Although Edwards, supra, referenced cases in support of its holding where statements of identity were admitted, in part, because the abuser was a "family, household member,"[2] we do not believe the status of being a "family" or "household member" is necessarily required for statements of identity to be admitted pursuant to KRE 803(4). Indeed, it is absurd to posit that a physician's care evaluation loses its probative legitimacy simply because his inquiry reveals that the alleged abuser is not a family or household member. See also KRS

---

[1] Kentucky Rules of Criminal Procedure.
[2] Interestingly enough, the perpetrator in Edwards, supra, was neither a family nor a household member; he was the *live-in boyfriend* of the victim's grandmother whom the victim did not live with, but rather only visited on occasion. Id. at 843.

5

620.030 (physicians in Kentucky are required to immediately report all suspected cases of child abuse, including but not limited to, reporting "[t]he name and address of the person allegedly responsible for the abuse or neglect").

Moreover, even if one assumes this statement was erroneously admitted, the testimony nevertheless did not cause any manifest injustice to Appellant. RCr 10.26. Generally, prior consistent statements of a witness are deemed prejudicial only when the witness' credibility is unfairly bolstered by the extraneous testimony. See, e.g., Bussey v. Commonwealth, 797 S.W.2d 483, 485 (Ky. 1990). In this case, the disputed testimony was limited in nature and of little significance. The doctor's testimony merely confirmed an obvious and undisputed fact at trial - that the criminal investigation of Appellant was initiated by the minor child's disclosures at the doctor's office. Accordingly, we hold that even if the testimony was erroneously admitted, it was not substantial or significant enough, either in time or in substance, to bolster the credibility of the victim and therefore, did not cause any manifest injustice to Appellant. Cf. Owens v. Commonwealth, 950 S.W.2d 837, 838 (Ky. 1997) (prior consistent statements of testifying victim which identified assailant by name fell within KRE 801A(a)(3) exception to hearsay rule).

Finally, Appellant contends he is entitled to a new trial because the trial court failed to conduct a more thorough inquiry regarding Appellant's complaints about his attorney. Upon review, Appellant's argument is without merit.

Prior to trial, Appellant wrote a letter to the trial court asking for new trial counsel because she "only come one time to see me in 6 months;" because he didn't "feel like [she] worried about me what happens to me;" and she didn't "act

6

like [she] believe[d] me that I did not do it." Appellant then threatened to take his own life. The trial court treated the letter as a motion for new counsel and held a hearing on the motion on March 18, 2005. At the hearing, the trial court inquired of Appellant's stand-in counsel and Appellant himself, asking if they had anything further to present to him. Both said no, and upon that response, the trial court made his ruling as follows:

> Mr Gadd, there have been a couple of things that have slowed this process down, but Ms. McCullough is an experienced litigator, and I am going to leave her on the case. We will go on and try to move this along as quickly as we can.

At sentencing, Appellant alleged that his counsel was ineffective and that he should be granted a new trial due to her incompetence. The trial court overruled Appellant's motion, holding:

> Mr. Gadd, the evidence was overwhelming as to your guilt. It was overwhelming as to the connection between you and the child and the genital warts. It was overwhelming. [The child victim's] testimony is credible, and I felt like [pause] that the defense was presented as best it could be under the circumstances. Thank you very much. I've imposed the sentence.

Appellant now claims that the trial court's failure to conduct a more thorough inquiry into his allegations was reversible error. Appellant's argument was addressed and rejected in Wilson v. Commonwealth, 836 S.W.2d 872 (Ky. 1992) where we held that the trial court is not required to conduct "an extensive [pretrial] inquiry into [an] appointed counsel's background, qualifications, fitness and alleged prior acts of misconduct." Id. at 879, overruled on other grounds by St. Clair v. Roark, 10 S.W.3d 482 (Ky. 1999).

Indeed, a defendant is not entitled to a substitution of appointed counsel unless good cause exists to justify it. See Henderson v. Commonwealth, 636

7

S.W.2d 648, 651 (Ky. 1982) ("we reiterate that a defendant who is represented by a public defender or appointed counsel does not have a constitutional right to be represented by any particular attorney, and is not entitled to the dismissal of his counsel and the appointment of substitute counsel except for adequate reasons or a clear abuse by counsel"); see also, KRS 31.030(12) (Department of Public Advocacy is authorized to assign substitute counsel, for good cause, at any stage of representation). Appellant's letter, in the absence of any further proof, suggestion, or inclination of any sort that his appointed trial counsel was actually defective, was not sufficient to establish good cause for a substitution of counsel. The trial court's responses to Appellant's allegations were appropriate under the circumstances; and it had no affirmative duty to perform any further inquiry or investigation. Wilson, supra, at 879.

Moreover, after trial, Appellant is not entitled to any relief on this issue unless he demonstrates "prejudice by the attorney's performance." Id. In this case, Appellant presents no proof whatsoever that he was prejudiced by the attorney's performance. Accordingly, Appellant's claim is without merit.

For the reasons set forth herein, the judgment and sentence of the Garrard Circuit Court is affirmed.

Lambert, C.J.; Cunningham, Minton, Noble, and Scott, JJ., concur. McAnulty, J., and Schroder, J., concur in result only.

ATTORNEY FOR APPELLANT

Donna L. Boyce
Assistant Public Advocate
Department of Public Advocacy
Suite 302, 100 Fair Oaks Lane
Frankfort, KY 40601

ATTORNEY FOR APPELLEE

Gregory D. Stumbo
Attorney General

David W. Barr
Assistant Attorney General
Office of Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601